UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

    Petitioner,

v.                                                             Case No. 8:07-cv-947-T-17MSS

DAVID T. BOSSET,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** comes on for consideration of the Government's Motions to Hold Respondent in Contempt of Court and to Compel Production of Summoned Documents (the "Motions"). (Dkt. 20, 26) The Government moves the Court to hold Respondent in contempt for his repeated failures to produce the names, addresses and contact information for all managing directors of trusts under Respondent's influence or control and documents and information called for by the terms of the Internal Revenue Service ("IRS") summons. The Government proposes the following sanctions: (1) a per diem fine and/or incarceration until Respondent produces the information, and (2) a fine for costs associated with the Motions.

### I. Background

On December 12, 2006, the IRS issued a summons requiring Respondent to appear before Revenue Officer Bryan Morris on January 4, 2007. (Dkt. 1) The IRS summons also directed Respondent to produce books, records and other documents demanded in the

IRS summons. (Dkt. 1) Respondent appeared on January 4, 2007, but he failed to produce the books, records and other documents as directed by the IRS summons. (Dkt. 1) On June 6, 2007, the Government filed a Petition to Enforce Internal Revenue Summons with the United States District Court for the Middle District of Florida. (Dkt. 1)

On July 12, 2007, the Court entered an Order to Show Cause directing Respondent to appear for a hearing before the Court on September 18, 2007, to show cause why he should not be subject to the IRS summons. (Dkt. 4) Respondent, dutifully, appeared at the September 18, 2007 hearing. During the hearing, the Undersigned entered a Report and Recommendation granting Petition's request to enforce the IRS summons and directing Respondent to appear for a deposition on October 3, 2007, and to produce the documents in response to the IRS summons.[1] (Dkt. 21) On October 3, 2007, Respondent attended the ordered deposition and produced the names of the more than 220 trusts under his influence or control, but he failed to produce the names, addresses and contact information for all the managing directors of those trusts.

On October 17, 2007, Respondent filed a motion objecting to the Undersigned's oral Order to produce the names, addresses and contact information of the managing directors of the trusts under his influence or control. (Dkt. 14) On December 7, 2007, the Court denied Respondent's motion and directed Respondent to produce to the Government in response to the IRS summons "the names, addresses and contact information for all managing directors of the more than 220 trusts over which he has influence or control, for

---

[1] Parties were orally informed that they had until September 28, 2007 to file objections to the Report and Recommendation. No objections were filed.

receipt within fifteen (15) days" of the date of that order.[2] (Dkt. 16) The Court warned Respondent that his "failure to comply . . . may result in [his] being held in contempt of Court" and an imposition of "fines and other sanctions." (Dkt. 16)

On January 7, 2008, Respondent filed a "Notice of Jurisdictional Defect with Motion to Dismiss." (Dkt. 17) On January 15, 2008, the Court denied the Motion to Dismiss and reiterated to Respondent that he was "not excused from compliance with the Court's Order" to produce the names, addresses and contact information of managing directors of the trusts under his influence or control. (Dkt. 19 p. 2)

On February 8, 2008, Petitioner filed a Motion to Hold Respondent in Contempt of Court and to Compel Production of Summoned Documents. (Dkt. 20) The Government informed the Court in its motion that Respondent had not complied with the Court's December 7, 2007, Order and requested Respondent be held in contempt and the Court impose a daily fine to coerce Respondent's compliance. On February 21, 2008, the District Judge, in an Order adopting the Undersigned's Report and Recommendation granting Petition's request to enforce the IRS summons as to Respondent, again directed Respondent to produce "the documents and information called for by the terms of the summons."[3] (Dkt. 22 p.2)

On March 12, 2008, the Court entered an Order to Show Cause directing Respondent to appear for a hearing before the Court on May 5, 2008, to show cause why he should not be held in contempt of Court for violating the Court's Orders to produce the

---

[2] By letter dated January 11, 2008, the Government agreed to give Respondent until January 18, 2008 to produce the required documents.

[3] By letter dated March 25, 2008, the Government requested that Respondent produce the documents and information by April 15, 2008.

summoned documents. (Dkt. 23) On April 28, 2008, Respondent filed a motion to vacate the Order regarding the show cause hearing. (Dkt. 25) On April 29, 2008, Petitioner filed a second Motion to Hold Respondent in Contempt of Court and to Compel Production of Summoned Documents. (Dkt. 26) On April 30, 2008, the Court denied the Respondent's motion to vacate the Order to Show Cause and directed Respondent to appear at the May 5, 2008, hearing or face the possibility of a commencement of contempt proceedings, fines and/or incarceration. (Dkt. 27)

On May 2, 2008, Respondent filed a "Notice to the Court"[4] stating that he would not make an attempt to attend the May 5, 2008, hearing because, among other things, he was denied the utilization of a wheelchair at the Courthouse. (Dkt. 28) On May 5, 2008, the Court entered an Order again directing Respondent to appear at the May 5, 2008 hearing, and notifying Respondent that a wheelchair would be available for him at the entrance of the Courthouse.[5] (Dkt. 29)

## II. Civil Contempt Standard

District Courts have inherent power to enforce compliance with orders through civil contempt. See Shillitani v. United States, 384 U.S. 364, 370 (1966). In the Eleventh Circuit, the party moving for contempt bears the burden of establishing by "clear and convincing" evidence that the underlying order was violated. See Howard Johnson Co., Inc. v. Khimani, 892 F.2d 1512, 1516 (11th Cir. 1990). This clear and convincing proof must demonstrate that: (1) the allegedly violated order was valid and lawful; (2) the order

---

[4] Electronic filing of this document was entered on May 5, 2008. This document was stricken from the record for improper filing.

[5] This Order was faxed to Respondent on May 5, 2008 at 10:30 A.M.

was clear, definite, and unambiguous; and (3) the alleged contemner had the ability to comply with the order. See McGregor v. Chierco, 206 F.3d 1378, 1383 (11th Cir. 2000).

If the moving party makes a prima facie showing that a party subject to a court order has violated that order, the burden shifts to that party to produce evidence explaining its noncompliance. See Citronelle-Mobile Gathering, Inc. v. Watkins, 943 F.2d 1297, 1301 (11th Cir. 1991) (citing United States v. Rylander, 460 U.S. 752, 755 (1983)). Parties subject to a court's order demonstrate a present inability to comply "only by showing that they have made 'in good faith all reasonable efforts to comply.'" Citronelle-Mobile Gathering, Inc., 943 F.2d at 1301. Due process requires that the court inform the alleged contemner of the contemptuous conduct and provide a hearing to allow the contemner to explain why the court should not make a contempt finding. See id. at 1305 (citing Mercer v. Mitchell, 908 F.2d 763, 767 (11th Cir. 1990)).

Further, in fashioning a remedy or sanction for civil contempt, the court has broad discretion, "measured solely by the 'requirements of full remedial relief.'" See United States v. City of Miami, 195 F.3d 1292, 1298 (11th Cir. 1999) (quoting Citronelle-Mobile, 943 F.2d at 1304); see also McGregor, 206 F.3d at 1385 n.5 (explaining that civil contempt sanctions may serve to either coerce compliance with a court order or compensate a party for losses caused by contemner's failure to comply). In so doing, the Court should consider "the character and magnitude of the harm threatened by continued contumacy and the probable effectiveness of any suggested sanctions in bringing about the result desired." United States v. United Mine Workers, 330 U.S. 258, 304 (1947); see also Citronelle-Mobile, 943 F.2d at 1304. Appropriate sanctions may include a coercive daily fine, a compensatory fine, attorney's fees and costs, or coercive incarceration. See

Citronelle-Mobile, 943 F.2d at 1304 (citing cases).

### III. Discussion

On May 5, 2008, the Court held the show cause hearing to allow Respondent to explain why the Court should not make a contempt finding against him for his failure to comply with the Court's December 7, 2007 Order and February 21, 2008 Order (the "Court's Orders"). Respondent, willfully and in flagrant disregard of several of this Court's Orders, failed to appear at the hearing. At the hearing, the Petitioner noted that Respondent was repeatedly sent correspondence requesting the documents and information ordered by the Court, but Respondent failed to produce the documents or information and did not contact Petitioner to explain his failure to comply.

Petitioner also provided the Court with a copy of the transcript of Respondent's deposition testimony as evidence indicating that Respondent has the ability to comply to with the Court's Orders. During the deposition, the Respondent indicated that he would voluntarily provide the names of the managing directors of the trusts for which he was trustee once his secretary returned to the office, and he instructed Petitioner to call the office. To date, Respondent has failed to produce the names of the managing directors.

As such, the Court finds that Petitioner has made a prima facie showing that Respondent has failed to comply with the Court's Orders. While the Court has provided Respondent the opportunity to explain why he should not be held in contempt for his noncompliance, Respondent chose not to appear at the hearing and has not demonstrated that he has made good faith, reasonable efforts to comply with the Court's Orders.

After the hearing, Respondent faxed to the Court a response regarding the May 5, 2008, Order (Dkt. 29) stating that he did not receive the May 5, 2008, Order until

approximately 2:30 p.m., because his secretarial help was not in the office and the fax machine was located in an area that he did not frequent, due to his handicap. Furthermore, Respondent stated that he did not have a driver available to bring him to the courthouse. This response offers no explanation for Respondent's repeated failures to produce the documents and ordered discovery and ignores the substantial advance notice given Defendant to appear as directed.

### IV. Conclusion

Accordingly, the Undersigned **REPORTS AND RECOMMENDS** that:

1. Petitioner's Motions (Dkt. 20, 26) should be **GRANTED**.

2. Respondent should be held in civil contempt for failure to comply with the Court's December 7, 2007 Order and February 21, 2008 Order.

3. Respondent should be granted **up to and including May 30, 2008**, to purge himself of the contempt by complying with the Court's Orders and providing the names, addresses, and contact information for all managing directors of the more than 220 trusts over which he has influence or control and producing the documents and information called for by the terms of the IRS summons. If Respondent has not complied with the Court's Orders by May 30, 2008, he should incur a fine of **$200.00 daily**, payable to the Clerk of this Court[6] until Respondent complies with the Court's Orders. If the total fine reaches $1,000.00 and the Respondent has still not complied with the

---

[6] The acceptable form of payment is a cashier's check or money order payable to the Clerk, U.S. District Court at Sam M. Gibbons United States Courthouse, 801 North Florida Avenue, Tampa, Florida, 33602-4511.

Court's Orders, the **<u>Court should issue an arrest warrant for Respondent</u>** and **<u>Respondent should be incarcerated</u>** until such time Respondent complies with the Court's Orders. The Undersigned finds that the daily fine and incarceration are necessary and minimally sufficient to coerce Respondent to comply with the Court's Orders.

4. Respondent should be granted leave to purge himself of incarceration, if imposed, by complying with the Court's Orders and providing the names, addresses, and contact information for all managing directors of the more than 220 trusts over which he has influence or control and producing the documents and information called for by the terms of the IRS summons.

5. Petitioner should be awarded reasonable attorney's fees and costs incurred in bringing these Motions.

**RESPECTFULLY RECOMMENDED** in Tampa, Florida on this 15th day of May 2008.

_____
MARY S. SCRIVEN
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

Failure to file written objections with the District Judge to the proposed findings and recommendations contained in this Report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal. See 28 U.S.C. § 636(b)(1).

Copies Furnished to:
Counsel of Record
David T. Bosset
10352 Lafoy Road
Spring Hill, FL 34608