```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                    TAMPA DIVISION
```

UNITED STATES OF AMERICA,

       Petitioner,

v.                         CASE NO. 8:07-CV-947-T-17MSS

DAVID T. BOSSET,

       Respondent.

_____/

ORDER

This cause is before the Court on:

Dkt. 20  Motion to Compel
Dkt. 22  Order
Dkt. 26  Motion to Hold Respondent in Contempt of Court
         And Compel Production
Dkt. 31  Report and Recommendation
Dkt. 32  Objection

This case is a Petition to enforce an IRS Summons. The Summons directed Respondent to appear for deposition and produce documents (Dkt. 1-2).

The Court adopted the Report and Recommendation of the assigned Magistrate Judge, and directed Respondent to comply with the Summons. To date, Respondent has not complied in all respects with the summons.

Petitioner moves the Court to hold Respondent in contempt of Court, and to compel production of the summoned documents (Dkts. 20, 22). The assigned Magistrate Judge entered an Order to Show Cause (Dkt. 23), and scheduled a hearing. Respondent was directed to personally appear at the hearing, and notified that a

Case No. 8:07-CV-947-T-17MSS

wheelchair would be available for Respondent's use (Dkts. 27, 29). Respondent did not appear at the hearing on May 5, 2008 (Dkt. 30).

A Report and Recommendation (Dkt. 31) has been entered, recommending that: 1) Petitioners' Motions (Dkts. 20, 26) be granted; 2) Respondent be granted until May 30, 2008 to purge himself of the contempt by compliance with the Court's Orders, and providing the names, addresses, and contact information for all managing directors of more than 220 trusts over which Respondent has influence or control and producing the documents and information called for by the terms of the IRS summons. If Respondent has not complied with the Court's Orders by May 30, 2008, Respondent should incur a fine of $200.00 daily, payable to the Clerk of this Court until Respondent complies with the Court's Orders. If the total fine reaches $1,000.00, and Respondent has still not complied with the Court's Orders, the Court should issue an arrest warrant for Respondent, and Respondent should be incarcerated until such time as Respondent complies with the Court's Orders.

It is further recommended that Respondent be granted leave to purge himself of incarceration, if imposed, by complying with the Court's Orders and providing the names, addresses, and contact information for all managing directors of the more than 220 trust over which Respondent has influence or control and producing the documents and information called for by the terms of the IRS summons, and Petitioner be awarded reasonable attorney's fees and costs incurred in bringing the Motions.

Case No. 8:07-CV-947-T-17MSS

Respondent has filed an Objection to the Report and Recommendation (Dkt. 32).

I. Standard of Review

The Court reviews the Report and Recommendation de novo.

II. Objections

A. The Court has ignored Hale v. Henkel, 201 U.S. 43, 47 (1905).

Respondent asserts that the holding of the Supreme Court in Hale v. Henkel, 201 U.S. 43, 47 (1905) excuses Respondent from compliance with the IRS subpoena, based on the "Covenant of Privacy" included in the contract between Respondent and his clients.

Respondent previously raised this objection to the IRS Summons in Respondent's Motion for Clarification (Dkt. 14), which the Court denied (Dkts. 16, 19). Respondent did not object to the Court's oral order of September 18, 2007 at the time it was issued, and did not subsequently file any objection to the Court's initial Report and Recommendation, which was adopted by the Court on 2/21/08 (Dkt. 22).

To the extent that Respondent raises any objection to production of the names and addresses of the managing directors of the trusts, based on the Fifth Amendment, the Court overrules the objection. The Fifth Amendment does not protect Respondent from producing this information because the act of producing the summoned information does not require a testimonial answer, and

3

Case No. 8:07-CV-947-T-17MSS

because Respondent holds those summoned records in a representative capacity.

After consideration, the Court overrules Respondent's objection as to this issue.

B.  Territorial Jurisdiction

Respondent argues that the Court's territorial jurisdiction is in question.

The power to enforce an Internal Revenue Service Summons is one of the enumerated powers of the federal government.  The Court previously ruled that the Petition to Enforce Internal Revenue Service Summons complies with the requirements of <u>United States v. Powell</u>, 379 U.S. 48, 57-58 (1964). (Dkt. 19).

After consideration, the Court overrules Respondent's objection as to this issue.

The Court has independently reviewed this case.  The Court has considered and overruled Respondent's Objection.  After consideration, the Court adopts and incorporates the Report and Recommendation.  However, the Court substitutes June 30, 2008 for the date in the Report and Recommendation, May 30, 2008, as the date by which Respondent must comply with the IRS summons.  Accordingly, it is

**ORDERED** that the Report and Recommendation is **adopted and incorporated** by reference.  (Dkt. 31).  The Court **overrules** Respondent's Objection (Dkt. 32).  It is further

4

Case No. 8:07-CV-947-T-17MSS

**ORDERED** that the Motions to Hold Respondent in Contempt and for Production (Dkts. 20, 26) are **granted**.  Respondent is granted **up to and including June 30, 2008**, to purge himself of the contempt by complying with the Court's Orders and providing the names, addresses, and contact information for all managing directors of the more than 220 trusts over which Respondent has influence or control and producing the documents and information called for by the terms of the IRS Summons.  If Respondent has not complied with the Court's Orders by June 30, 2008, Respondent shall incur a fine of **$200.00 daily**, payable to the Clerk of this Court, until Respondent complies with the Court's Orders.  If the total fine reaches $1,000.00 and Respondent has still not complied with the Court's Orders, the **Court will issue an arrest warrant for Respondent, and Respondent shall be incarcerated** until such time as Respondent complies with the Court's Orders. The Undersigned finds that the daily fine and incarceration are necessary and minimally sufficient to coerce Respondent to comply with the Court's Orders.  It is further

**ORDERED** that Respondent is granted leave to purge himself of incarceration, if imposed, by complying with the Court's Orders and providing the names, addresses and contact information for all managing directors of the more than 220 trusts over which Respondent has influence or control and producing the documents and information called for by the terms of the IRS summons.  It is further

**ORDERED** that Petitioner is awarded reasonable attorney's fees and costs incurred in bringing the Motions for Contempt.

5

Case No. 8:07-CV-947-T-17MSS

**DONE and ORDERED** in Chambers, in Tampa, Florida on this 16th day of June, 2008.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:
All parties and counsel of record